J-S43018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: E.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 683 MDA 2019 |

Appeal from the Dispositional Order Entered March 26, 2019
In the Court of Common Pleas of Berks County Juvenile Division at
No(s):  CP-06-DP-0000029-2019

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 30, 2019**

Appellant, A.S. ("Mother"), appeals from the March 26, 2019 Order that, *inter alia*, found by clear and convincing evidence that Mother was a perpetrator of child abuse against her infant daughter, E.S. ("Child").  Upon careful review, we affirm.

The following factual and procedural history is relevant to this appeal. In October 2018, Mother gave birth to Child, her fourth.[1]  At birth, Child weighed 6 pounds, 4 ounces pounds and was in the 18th percentile on the growth chart for newborn babies.  Mother took Child to a one-week checkup appointment at the primary care physician ("PCP"), who instructed Mother to return in 30 days.  Mother did not return to the PCP with Child until January

_____

[1] Child's biological father is unknown.

_____

*   Former Justice specially assigned to the Superior Court.

4, 2019. Upon evaluation, the PCP noted that Child appeared cachectic[2] with little subcutaneous fat and immediately referred Child to the Emergency Room at Tower Health Systems Reading Hospital ("Hospital"). At Hospital, Child weighed 5 pounds, 12.5 ounces and was below the .01st percentile on the growth chart. Lab results revealed that Child's liver was not functioning properly and she suffered from severe dehydration. Hospital doctors diagnosed Child with Failure to Thrive, admitted Child to Hospital, and contacted Berks County Children and Youth Services ("CYS") to report Child's extreme malnutrition. CYS implemented a safety plan and, after approximately 10 days of treatment, Hospital discharged Child to the care of a family friend.

On February 7, 2019, CYS filed a Dependency Petition alleging that Child was without proper parental care and control and Mother was the perpetrator of child abuse due to physical neglect of Child pursuant to 23 Pa.C.S. § 6303. On February 27, 2019, by agreement of the parties, the trial court adjudicated Child dependent, granted legal custody to CYS, and ordered Child to remain

---

[2] Merriam-Webster defines "cachectic" as "affected by cachexia," or a "general physical wasting and malnutrition usually associated with chronic disease." Merriam-Webster, http://www.merriam-webster.com/dictionary/cachectic (last visited August 20, 2019); http://www.merriam-webster.com/dictionary/cachexia (last visited August 20, 2019).

in placement with the family friend. The trial court deferred a finding of child abuse and scheduled a March 18, 2019 hearing to address the issue.[3]

On March 18, 2019, the trial court conducted a hearing on CYS' request to find Mother a perpetrator of child abuse. CYS presented testimony from Linda Bloom, M.D., Medical Director of the Pediatric Hospitalist Group at Hospital that admitted Child, and Karen Stoltzfus, CYS social worker. Dr. Bloom personally oversaw Child's care for the duration of Child's hospitalization and testified as an expert in the field of pediatric medicine. In sum, Dr. Bloom testified that she has seen over 50 cases of failure to thrive during her career and Child was one of the two worst cases. N.T. Hearing, 3/18/19, at 8, 11. Moreover, in her expert medical opinion, Child's malnutrition was caused by a failure to feed Child with adequate frequency and volume, rather than an "organic" medical reason. *Id.* at 20, 32. Dr. Bloom testified that Hospital had no problems feeding Child, who ate "ravenously" for the first few days in the hospital. *Id.* at 16-17. Finally, Dr. Bloom explained that her biggest concern was that Child's brain was not getting adequate nourishment and Child may experience developmental delays for the rest of her life. *Id.* at 34. Ms. Stoltzfus testified that, for the ten weeks that Mother cared for Child, Mother was the sole caretaker for Child outside of an approximately four-hour period when a family friend babysat

---

[3] The February 27, 2019 Order included a finding of child abuse in error. On March 13, 2019, the trial court vacated the initial February 27, 2019 Order and entered a corrected Order bearing the same date.

Child. *Id.* at 37. On the same day, the trial court issued an Order that, *inter alia*, made a finding "by clear and convincing evidence that [Child] is a victim of child abuse as defined at 23 Pa.C.S. § 6303 due to physical neglect by [Mother]." Order, 3/18/19.

Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises a sole issue on appeal: "The evidence was insufficient for the court to find [M]other an indicated perpetrator of abuse by clear and convincing evidence where there was no evidence that Mother either intentionally or recklessly caused her child to be deprived of food pursuant to 23 Pa.C.S. § 6303." Mother's Br. at 7. Mother argues, without citation to the record or relevant legal authority, that she suffered from post-partum depression, which negated her intent. *Id.* at 6, 9.

We review a finding of child abuse in a dependency case for an abuse of discretion. *In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015). This Court is required to accept the findings of fact and credibility determinations of the trial court if the record supports them, but not required to accept the lower court's inferences or conclusions of law. *Id.* "The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence." *Interest of T.G.*, 208 A.3d 487, 490 (Pa. Super. 2019) (citation omitted), *appeal denied*, 211 A.3d 750 (Pa. 2019).

- 4 -

The petitioning party must demonstrate the existence of child abuse by clear and convincing evidence. *L.Z.*, 111 A.3d at 1174. The Child Protective Services Law (CPSL) defines "child abuse" to include, in relevant part, "intentionally, knowingly or recklessly . . . [c]ausing serious physical neglect of a child." 23 Pa.C.S. § 6303(b.1)(7). In turn, the CPSL defines "serious physical neglect" to include, "[t]he failure to provide a child with adequate essentials of life, including food, shelter or medical care" that "endangers a child's life or health, threatens a child's well-being, causes bodily injury or impairs a child's health, development or functioning." 23 Pa.C.S. 6303(a). In the context of a finding of child abuse in a dependency proceeding, a person acts recklessly if "she consciously disregards a substantial and unjustifiable risk that the serious neglect exists or will result from her conduct." *T.G.*, 208 A.3d at 492.[4]

_____

[4] In defining intentionally, knowingly, and recklessly, the CPLS refers to the Crimes Codes definitions, in relevant part:

**(b) Kinds of culpability defined.--**

(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

The trial court made a finding that Mother was the perpetrator of child abuse for serious physical neglect of Child. The trial court opined:

> Child's treating physician, Dr. Bloom, determined that Child's weight loss was unrelated to any underlying medical condition or sickness. Child responded and physically improved simply by receiving food. Dr. Bloom was able to say within a reasonable degree of medical certainty that Child's weight loss was the result of Child not being fed properly, regularly, and adequately. Rather than growing, as a newborn should, Child shrank towards death as a result of starvation.
>
> [CYS] established by clear and convincing evidence that Child suffered from abuse as defined by the CPSL. Child, by not being fed by Mother, was denied the essentials of life. Child's life was endangered, and Child's development was impaired. Dr. Bloom testified that it is possible that Child may have suffered long-term irreversible cognitive injury as a result of the severe malnutrition. . . . Not only did Mother fail to adequately feed Child, she also failed to promptly obtain medical treatment for Child when it was plainly obvious that Child was in serious danger.

---

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b).

Trial Ct. Op., filed 5/17/19, at 10-11. The record supports the trial court's findings and, thus, we discern no abuse of discretion.

As noted above, Mother baldly asserts that she suffered from post-partum depression, which negated her intent to neglect the Child. Mother's Br. at 6, 9. Mother fails to develop any legal argument, or provide citation to the record or legal authorities, to support her averment. Accordingly, we are constrained to find this argument waived. *See R.L.P. v. R.F.M.*, 110 A.3d 201, 208–09 (Pa. Super. 2015) (stating that arguments that are not appropriately developed are waived, including those where the party has failed to cite any authority in support of a contention).

In conclusion, the record supports the trial court's finding that Mother was a perpetrator of child abuse against Child for serious physical neglect and we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/30/2019